VECCHINI, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Ponce Refusing to Record a Judgment Rendered in Dominion Title Proceedings.

No. 193.—Decided July 29, 1914.

DESCRIPTION OF PROPERTY—RECORD OF PROPERTY.—Rural and urban properties are distinguished by certain features, such as the nature thereof, the name by which they are known, their location and their boundaries according to the four cardinal points, and these facts should be shown in the record in the registry.

ID.—RECORD OF TITLE.—The description of the property which is the subject of this appeal being compared with that of the property already recorded in the registry in the name of another person, it is found that although both are situated in the same municipal district, in the same place and ward, and bear the same name, nevertheless they are distinct properties, bearing in mind the nature of the land, and the respective boundaries of each.

The facts are stated in the opinion.

*Mr. L. Yordán Dávila* for the appellant.

Mr. José Miguel Márquez, the registrar, filed a brief *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

On April 23, 1914, the District Court of Ponce rendered judgment in favor of Domingo Vecchini y Crescioni decreeing that he had established his ownership to two properties, of which the one described under No. 2 is as follows:

"RURAL.—A tract of land called 'Las Marías' situated in the ward of Jagua-Pasto at a place named Junco, municipal district of Guayanilla, bounded on the east by the property known as Las Quiebras and lands of Elpidio de Mier; on the west by the river Jagua-Pasto and lands of Andrés Barbot; on the north by the river Bonito and lands of the Succession of Emmanuelli, and on the south by the properties of Victorio Rivera and Francisco Buen Cristiano. The area of the property described is 300 *cuerdas,* equal to 117 hectares, 91 ares and 20 centares, it all being forest and thicket land."

It appears from the judgment itself that the property was acquired by Vecchini in the following manner; 150 *cuerdas*

at a public auction held on October 15, 1906, for the collection of delinquent taxes and 150 *cuerdas* at a public auction also held for the collection of delinquent taxes on November 21, 1907. All of said delinquent taxes were due from Antonio S. Ferrer, the former owner of the 300 *cuerdas,* who had been in possession of the same for a period of 25 years, the possession by all the former owners and by Vecchini being under title of ownership, public, peaceful and uninterrupted.

Upon the presentation of the said document in the registry of property for record, the Registrar of Ponce endorsed the following decision thereon:

The foregoing document is admitted to record as to property No. 1 on page 82 of volume 18 of Guayanilla, property No. 814, Entry 1, and admission to record is denied as to property No. 2 because it appears recorded in the name of Francisco Micheli y Paoli. In lieu thereof a cautionary notice is entered for the legal period of 120 days on folio 146, over, volume 1 of Guayanilla, property No. 9, in duplicate, entry letter D.''

From that part of the decision refusing to admit property No. 2 to record, Domingo Vecchini Crescioni took the present administrative appeal and submitted a brief to show that the said property is not recorded in the name of Francisco Micheli y Paoli. On the other hand, the registrar has sent up only a certificate of the entries of record of the property of Micheli.

It appears from the said certificate that on June 2, 1880, a property of 300 *cuerdas* was recorded for the first time in the name of Francisco Subirá under title of purchase from Juan A. Negroni. Of this property 170 to 200 *cuerdas* were growing new coffee and others bananas, the remainder being virgin forest land, containing a dwelling-house, a large tenement-house for laborers, a wooden crushing mill, a coffee hulling machine, drying sheds for coffee and other accessories. The said property was described as being called ''Juncos'' and situated in a place of the same name in the Pasto ward

of the municipal district of Guayanilla. The only boundaries mentioned in the description are a ravine called Guilarte, a strip of land of the same name, the lands of Pascual Negroni, and other waste lands. The courses of these boundaries are not given.

The second record, made on the following day, or June third, is in the name of Juan Ferrer on a declaration made by Francisco Subirá that he had made the purchase for the former. No new description was given.

The third record, made on July 24, 1880, and by which Juan A. Negroni purchased the said property at public auction from Juan Ferrer, contains a new description of the property which is unchanged in the subsequent records. In that description the property is described as an estate named "Maria," formerly known as "Juncos," in the ward of Pasto at the place called Juncos of the district of Guayanilla, bounded on the north by lands of Agustín Emmanuelli; on the south by lands of Acisclo Subirá and Oliviero Dicardi; on the east by lands of Antonio Sergio Ferrer and the Succession of Julián Hurtado, and on the west by lands of Pascual Negroni, the greater part being planted to coffee and the rest being banana groves and virgin forest, containing a dwelling-house, granary, coffee mill and hulling machine.

By the fourth record of August 9, 1880, Negroni mortgaged the said property to Antonio Sergio Ferrer, which mortgage was cancelled in 1881 by the fifth record.

On June 11, 1881, the sixth record was made whereby Francisco Micheli y Paoli purchased the property from Juan A. Negroni. On the same day the seventh record was made by which Micheli mortgaged the property to Negroni to secure the payment of part of the purchase price. Four days later the eighth record was made, whereby mortgagee Negroni assigned a part of his credit to Antonio Sergio Ferrer.

In connection with the entries relating to the said property there are several marginal notes. That under letter A refers to the cancellation of an attachment which existed

when the first record was made; that under letter B, of 1884, refers to an attachment levied on the property by the Municipality of Guayanilla to recover taxes due from Francisco Micheli; that under letter C, bearing date of September 17, 1906, refers to a writ of attachment issued by the Collector of Internal Revenue of Guayanilla for the recovery of taxes due from Antonio Sergio Ferrer, in which the property to be attached is described as named "María" and situated in the ward of Jagua del Pasto at a place called Juncos of the municipal district of Guayanilla, containing an area of 150 *cuerdas* of wholly uncultivated thicket land bounded on the north by lands of the municipality; on the south by lands of Victorio Rivera; on the east by the plantation "Quichas" belonging to Messrs. Ferrer, and on the west by the river on the other side of which are lands formerly belonging to Andrés Barbot and at present to María Laguna de Depena, its value being $150. The registrar refused to record this notice of attachment because the property described in the writ does not appear recorded in the name of the debtor, but entered a cautionary notice in case the property attached should be a part of the property recorded.

The last note, or that under letter D, is the refusal to admit to record from which the present appeal was taken.

In view of the foregoing, the only question raised by the appellant and which we are called upon to decide is whether the property recorded in the Registry of Property of Ponce in the name of Francisco Micheli Paoli is the identical property sought to be recorded by Vecchini Crescioni, for if it is the registrar's decision denying the admission to record cannot be reversed.

Properties, whether rural or urban, are distinguished one from another by certain circumstances which characterize them, and for this reason and to this end Article 9 of the Mortgage Law in relation to Article 63 of its regulations provides with respect to rural properties that the record thereof shall state their character and name as well as location, which

shall be fixed by stating the district, sub-district or any other name by which the place in which they are located is known, and their boundaries according to the four cardinal points. These being the main circumstances by which one rural property is distinguished from another and its identity ascertained, our duty in the present case is to examine those circumstances as to one and the other property in order to ascertain whether one or distinct properties are under consideration.

The description of the property given in the third record in the registry is the one by which we must be guided, for it has not been changed by subsequent records, all of which refer to it.    Therefore, we must compare that description with the one given in the instrument showing Vecchini's ownership of property No. 2.    The following are the graphic descriptions of both properties.

| Property according to dominion title proceedings. | | | Property according to Registry Record No. 3. | | |
|---|---|---|---|---|---|
| | River Bonito Succession Emmanuelli | | | Agustín Emmanuelli | |
| River Jagua. Pasto. — Andrés Barbot | LAS MARÍAS Ward Jagua-Pasto Place (Junco GUAYANILLA 300 cuerdas | Las Quiebras. Elpidio de Mier | Pascual Negroni | Estate "MARÍA" formerly "JUNCOS" Ward Pasto Place Juncos GUAYANILLA 300 cuerdas | Antonio Sergio Ferrer Succession of Julián Hurtado |
| | Victorio Rivera, Francisco Buen Cristiano. | | | Acisclo Subirá, Oliverio Dicardi. | |

Both properties have an area of 300 *cuerdas;* both appear to have the same name, considering that one is called "María" and the other "Las Marías"; both are located in the same municipal district of Guayanilla; both appear to be in the same place called Juncos, although it is termed "Junco" in the description of Vecchini and "Juncos" in the registry, and it is possible that both properties are in the same ward, inasmuch as in one instrument it is said to be situated in the ward of Jagua-Pasto while in the registry it is described as being in the ward "Pasto."    We may conclude that both

properties are situated in the same municipal district, in the same place, in the same ward, and bear the same name if we discard the slight difference between some names and others. It remains to be seen now whether they are the same property.

Certainly we find a noteworthy difference as regards the class of land contained in the one and the other, for while the property described in the registry is shown clearly to be a coffee plantation, mostly in cultivation, with buildings thereon, and has been the object of transactions involving thousands of dollars, the property to which the dominion title proceedings refer is thicket and pasture land, a feature which plainly distinguishes it from the other property. Besides, the only boundary which may be common to the two is the land of Agustín Emmanuelli on the north of the property described in the registry, and the land of the Succession of Emmanuelli on the north of the property referred to in the dominion title proceedings, but all the other boundaries are different from one another, not a single one coinciding with the other. Therefore, while we may conclude that both properties are in the same district, ward, and place, we are unable to conclude, in view of the radical difference between the boundaries, that the properties are one and the same. It may well be that the property Vecchini acquired from Antonio Sergio Ferrer is the property situated on the east of that referred to in the third record, for according to that description the property of Antonio Sergio Ferrer adjoins the said property on that side and because it may be that the property of Agustín Emmanuelli, which is the northern boundary shown in the registry, might also bound on the north the land conveyed by Antonio Sergio Ferrer and owned by the Succession of Emmanuelli in that place.

The apparent reason for the registrar's conclusion as expressed in his decision is the note under letter C which was entered because of the attachment levied by the collector of revenue at Guayanilla in 1906 on property graphically described as follows:

Municipality.

| | Property "MARÍA" | |
| :--- | :---: | :--- |
| River<br>Andrés Barbot | Ward of Jagua del Pasto<br>Place Juncos.<br>G U A Y A N I L L A.<br>150 *cuerdas*. | Plantation "Qui-<br>chas" belonging<br>to Messrs. Ferrer. |

Victorio Rivera.

From this we see that it has some boundaries the same as those mentioned in the dominion title proceedings, such as the lands of Victorio Rivera on the south and the river and lands of Andrés Barbot on the west, but we cannot be guided by that description, because not only is it given by a third person not the one who appears in the registry as the owner but also the registrar refused to enter the notice of attachment as requested by the collector on the ground that the property described did not appear recorded in the name of Antonio Sergio Ferrer against whom the summary proceedings were instituted, and the only ground for his refusal to enter the notice in relation to the property of Micheli Paoli was his doubt as to whether the property attached might be a part of that of the said Paoli.

In view of the foregoing, we must conclude that with the evidence before the registrar and now before us, he could not conclude, nor can we, that in the present case it is sought to record in the name of Vecchini a property already recorded in the name of Micheli Paoli, and therefore the decision appealed from should be reversed and the record entered of property No. 2 as requested by the appellant.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.